**BANK OF CLOUTIERVILLE v. POCHE.**

No. 6090.

Court of Appeal of Louisiana.
Second Circuit.

July 5, 1940.

Rehearing Denied Aug. 1, 1940.

Gahagan & Pierson, of Natchitoches, for appellant.

S. R. Thomas and J. G. Gibbs, both of Natchitoches, for appellee.

HAMITER, Judge.

Defendant, Lawrence Poche, on January 21, 1937, signed a promissory note for $650, with interest and contingent attorney's fees, payable October 1, 1937; and to secure its payment executed a special mortgage on certain property owned by him and located in the Village of Cloutierville, Natchitoches Parish, Louisiana.

This suit was instituted by the holder of the note, the Bank of Cloutierville, to obtain judgment thereon for its principal amount, with interest and attorney's fees;

and for recognition of the mentioned mortgage.

Defendant, in answering the petition, sets up that the plaintiff effected collection of two notes belonging to him and held by it. He claims credit for the amounts represented by these notes; and avers that he tendered to plaintiff the difference between his indebtedness and the sums so collected. His prayer is that plaintiff have judgment only for the amount tendered, and that the demands in all other respects be rejected at its costs.

The trial judge awarded plaintiff judgment for the principal amount of its note, or $650, with interest and attorney's fees, less the sums, with interest, claimed as credit by defendant; and ordered defendant to pay the costs of court. No mention of the mortgage was made in the decree.

Both litigants appealed.

During and previous to the year 1935, so the record discloses, the mortgage indebtedness of defendant with the plaintiff bank was much larger than that represented by the note on which this suit is founded. Defendant, in that year, delivered to Mr. J. J. Rafferty, plaintiff's then cashier, two notes owned by him and dated May 20, 1932. One was for $39.55 signed by John Poche, while the other, being for $79.85, was made by Luke Poche. Both of the named makers were relatives of defendant, and he did not wish, as his testimony shows, to bring suits thereon in his name. The plaintiff bank, in its name, initiated proceedings on such notes in the Justice of Peace Court of Ward 10, Natchitoches Parish, and in due course, and particularly on November 26, 1935, recovered judgments for the amounts due thereunder, with interest. These are the instruments for which defendant claims credit on his obligation.

On December 10, 1936, K. D. McCoy assumed the position of cashier of the said Bank of Cloutierville, succeeding the aforementioned J. J. Rafferty who died a few days previous thereto.

Defendant, in the early part of January, 1937, negotiated a sale of a portion of the property covered by the mentioned mortgage, and he applied some of the proceeds thereof to his indebtedness. Thereupon a renewal note for the balance due of $650, together with the required attendant mortgage on the unsold property, was executed; this being the paper herein sued upon.

It conclusively appears that there was no agreement between defendant and the decedent Rafferty that the bank would accept the John and Luke Poche notes, when they were delivered, as credits on defendant's obligation. The understanding, so defendant admits, was that credit would be given only for the amounts collected thereunder. If it had been otherwise, it is certain that defendant would have insisted on a deduction of a proportionate amount from the renewal note before executing it; and this was not done. No proceeds of the notes were realized.

Some time in June, 1937, McCoy, the new cashier, found in his files certified copies of the judgments obtained by the bank against Luke and John Poche. He knew nothing of the suits of which the judgments were a part; and his investigation of the bank's records disclosed that no loans had ever been made to these judgment debtors. No enlightenment regarding the matter could be given him by the president of the institution. Next he talked with defendant, and with reference to this conference testifies: "At that time I told Mr. Poche that Luke Poche and John Poche didn't owe the Bank for any loans that had (been) negotiated there and as the judgments were his I'd like for him to come over and straighten it out as I didn't want to serve as a collecting agent. He told me he might come over and effect some disposal of the notes. He never came."

Under date of July 1, 1937, the following instrument was executed by the said cashier:

"To Whom It May Concern:

"Be it known that on this day July 1st, 1937, that Luke Poche is in no way indebted to the Bank of Cloutierville.

"Bank of Cloutierville
"(Signed by) K. D. McCoy
"Cashier."

Presumably, a similar statement was given in connection with the John Poche note and judgment, although the record does not clearly disclose the execution of such. Neither is it shown to whom those non-indebtedness instruments were delivered.

The following day, or July 2, 1937, McCoy mailed the certified copies of the judgments to defendant, after endorsing them, without recourse, for the bank.

Several days later defendant returned said copies by mail; and in the accompany-

ing letter he asserted that the bank had issued receipts to the debtors, John and Luke Poche, referring to the above-described statements, and that the judgments were then worthless.

On October 7, 1937, defendant entered the plaintiff bank, and, while holding some money, stated to McCoy that he wanted to pay the difference between the amount of his note and that of the John and Luke Poche notes. The cashier refused to accept the payment, replying that it was not sufficient to settle the mortgage indebtedness.

The principal contention of defendant herein is that the plaintiff bank cancelled the aforementioned judgments, and incidentally the notes on which they were predicated, through and by means of the cashier's written statements of July 1, 1937; and that credit therefor on his indebtedness should be allowed. In our opinion, the rights of defendant under those judgments were in no manner affected or prejudiced by the mentioned actions of the cashier; and he is not entitled to the credit claimed. The statements on their face do not appear to be and cannot be construed as receipts evidencing settlement of the obligations. Neither the notes nor the judgments are therein referred to. They merely inform those concerned that the judgment debtors are not indebted to the Bank of Cloutierville; and this is in accordance with the true situation that existed at the time of their execution.

If the Justice of the Peace entered notations on his records that the judgments had been cancelled by reason of those instruments, such would not be binding on the judgment creditor. Certainly the creditor would be permitted to show, if execution thereunder was opposed, that satisfaction and settlement had not resulted.

Plaintiff calls attention to the fact that the judgment of the district court failed to give recognition to the mortgage that secures the payment of defendant's note. Although the record contains no certified copy of such mortgage, its existence and validity is not seriously disputed; and the recognition prayed for will be decreed.

Accordingly, the judgment of the trial court is amended to the extent of striking and eliminating therefrom the credits allowed defendant of $79.85 and $39.55, together with the stipulated interest on such amounts; and it is further amended by ordering the recognition and enforcement of the mortgage securing the note held and owned by plaintiff and herein sued on; and, as thus amended, the judgment is affirmed. Defendant shall pay the costs of both courts.